UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------------- x

TRUSTEES OF THE LOCAL 522 PENSION FUND
AND TRUSTEES OF THE LOCAL 522 WELFARE
FUND OF NEW YORK AND
NEW JERSEY,

                            Plaintiffs,

    -against-

TRI-STAR LUMBER CORP.,

                            Defendant.

------------------------------------------------------------------- x

MEMORANDUM AND ORDER

11-CV-06087 (ENV) (JO)

VITALIANO, D.J.

      Plaintiffs, Trustees of the Local 522 Pension Fund and Trustees of the Local 522 Welfare Fund of New York and New Jersey ("the Trustees") brought this action on December 15, 2011 against defendant Tri-Star Lumber Corp. ("Tri-Star") under §§ 502 and 515 of the Employer Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and the Labor-Management Relations Act of 1947 ("LMRA"). The Trustees alleged that Tri-Star was delinquent in making required contributions to the welfare benefit plans for which they serve as fiduciaries. Tri-Star failed to answer the complaint, and the Court granted default judgment on behalf of the Trustees on August 16, 2012, referring the action to Magistrate Judge James Orenstein to determine the amount of judgment.

      On February 8, 2013, Judge Orenstein prepared a Report and Recommendation ("R&R") that awarded the Trustees a total of $9,121.60, including $4,075.00 in unpaid contributions, $178.88 in interest on the unpaid contributions through March 28, 2012, $815.00 in liquidated damages, $3,600.00 in attorneys' fees, and $452.72 in costs. The docket indicates that on

1

February 8, 2013, a copy of the R&R addressed to Steven Oginsky (apparently Tri-Star's owner) was sent via certified mail to the company's corporate address. (Aff. of Service (Dkt. No. 22)). No objections have been filed by either party.

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Moreover, in order to accept a magistrate judge's R&R where no timely objection has been made, the "court need only satisfy itself that there is no clear error on the face of the record." *Urena v. New York*, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (quoting *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985)). After careful review of the record, the Court finds Judge Orenstein R&R as to the amount of judgment owing to the Trustees to be correct, comprehensive, well-reasoned, and free of any clear error. Accordingly, the Court adopts Judge Orenstein's R&R in its entirety.

The Clerk of the Court is directed to enter judgment consistent with this Memorandum and Order and to close this case. Counsel for the Trustees is directed to serve a copy of this Memorandum and Order on defendant and to file an affidavit of service.

SO ORDERED.

s/ ENV

ERIC N. VITALIANO
United States District Judge

DATED: Brooklyn, New York
April 01, 2013